Nash, C. J.
 

 The clerk has asked the direction of the Court in charging in his account the tax imposed by the Act of 1846, ch. 72, on legacies.
 

 The Court is of opinion that the tax imposed by the Act of 1846, is to be paid by, or charged toj the legatees or distributees respectively. In the second section, which imposes the tax, no provision is made as to how and by whom it is to be paid, but the tax is to be levied and collected upon the value of the personal property bequeathed or subject to distribution. ’The property itself is to pay the tax. The fourth section however removes the difficulty. When the decedent leaves ‘cno lineal descendants” &c.
 
 “
 
 the executor or administrator on his final settlement, shall account for and pay to the clerk of the Court of Pleas and Quarter Sessions of his, her or their county, the amount which the estate of his, her or their testator oryintestate shall be liable to pay by way of tax under the provisions of this act.” 'This section evidently refers to legacies and distributive shares only, because, in general, executors and administrators have nothing to do with the realty, and are required to account for the tax only, on a final settlement. It is the duty of the personal representative in every such case, where a tax is due under this act, before paying over any legacy or distributive share, to exact from the person who is to receive it, or to retain in his hands, out of the legacy or distributive share, a sum sufficient to pay the tax. If he does not, he runs the risk of paying it out of his own property, for he must pay it into the clerk’s office of his county at the time designated. The difficulty has grown out of the wording of the fourth section. The tax is to be paid out of the “ estate ” of the deceased. That this word was not used in its ordinary and largest sense is evident
 
 *142
 
 from the context of the act. The word estate means ordinarily the whole of the property owned by any one, the realty as well as the personalty. Now it cannot be supposed for a moment that the law means that the tax upon a distributive share shall be paid by one heir out of the land descended, or by a devisee. That the tax is not by the act made, or intended to be made a charge upon the estate, is made further manifest by the avowed object of the act. It operates on descents and devises, legacies and distributive shares, only when the recipients are the collateral kinsmen of the deceased. If then the tax was to be paid out of the estate, it would, in many cases, operate to the injury of lineal des- ■ cendents, and to the children of the deceased.. A familiar case will illustrate the principle. Suppose a joint pecuniary fund is bequeathed in equal portions to a child and to a collateral; if the tax is to be paid of the joint fund, it is evident that the child will pay an equal portion of the tax with the collateral. Or suppose a specific legacy to a stranger or a collateral, leaving a residue to descend or to be distributed among his children ; in that case, if the tax be upon the estate it will fall upon the children, which is certainly not the intention of the act. The word
 
 u
 
 estate ” is to be understood in relation to the subject matter, which was to throw the tax on collaterals only, and which can be effected only by making each devise, legacy or distributive share pay its own tax. We are confirmed in our opinion by the terms of the first section of the act. It provides that a tax of one per cent, shall be levied and collected upon
 
 all cl
 
 real estate1 descended or devised to collateral kindred” &c. “ except
 
 the widow
 
 of the deceased.” This shows that each heir or devisee shall pay the tax, except the widow
 
 ; she
 
 shall not.
 

 The clerk, in making out his report, will charge each
 
 legacy
 
 'with the tax imposed by the Act of 1840.
 

 Pee Cukiamj Ordered accordingly.